UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
07 NOV 20 AM 10: 13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA )
)
v. ) Magistrate's Case No. '07-MJ 2708
)
Lazaro LOPEZ-Gonzales ) COMPLAINT FOR VIOLATION
) OF 18 USC, Section 922(g)(5) –
) Illegal alien in possession of
) ammunition

The undersigned complainant being duly sworn states:

### COUNT 1

On November 19, 2007, within the Southern District of California, defendant Lazaro LOPEZ-Gonzales, an illegal alien, did possess a ammunition that traveled in and affected interstate commerce, to wit: 200 rounds of Magtech .380 caliber ammunition, 40 rounds of Corbon .380 caliber ammunition, 50 rounds of Hornady .380 caliber ammunition, 100 rounds of Speer .38 caliber ammunition, and 50 rounds of Remington .25 caliber ammunition; in violation of 18 United States Code, Section 922(g)(5).

Gordon Geerdes
Special Agent
Bureau of Alcohol, Tobacco
Firearms and Explosives

Sworn to before me and subscribed in my presence, this 20th day of November, 2007.

UNITED STATES MAGISTRATE

1

United States

v.

Lazaro LOPEZ-Gonzales

## Probable Cause Statement

In violation of the aforementioned statute the following acts were committed in the Southern District of California:

On November 19, 2007, at approximately 5:15AM, Senior Border Patrol Agent Coursey and Senior Border Patrol Agent Swaine, were conducting transit center checks at the Oceanside Transit Center, in Oceanside, California. The Border Patrol Agents identified an individual later identified as Lazaro LOPEZ-Gonzales, who became visibly nervous when he observed the Border Patrol marked vehicle.

Agent Corsey exited the vehicle and approached LOPEZ. Agent Coursey identified himself as a United States Border Patrol Agent and engaged the subject in a consensual conversation. Agent Coursey asked LOPEZ what country he is a citizen of and LOPEZ stated "Mexico". After subsequent questioning, Agent Coursey determined LOPEZ did not have immigration documents to be in the United States legally, and LOPEZ admitted he had entered into the United States illegally four months ago.

The Border Patrol Agents detained LOPEZ and transported him back the United States Border Patrol San Clemente Station for processing. LOPEZ' fingerprints were taken and submitted through the IDENT and IAFIS systems, which revealed a criminal and recidivist record. IDENT revealed LOPEZ had been apprehended 17 times previously and had been identified as a foot guide during one of those apprehensions. Additional records checks revealed LOPEZ was set up for a deportation hearing on September 26, 2005 in Seattle Washington. LOPEZ was granted a voluntary return back to Mexico, in lieu of deportation on September 27, 2005.

A search of LOPEZ' personal items, and luggage was initiated incidental to arrest. LOPEZ' wallet was searched and found to contain $1441.00 of U.S. currency and $300.00 Mexican Pesos. LOPEZ' blue duffle bag was searched and found to contain numerous boxes of ammunition wrapped in tinfoil. A total of 440 rounds of ammunition was recovered in the following types and calibers:
- 4 boxes of 50 rounds of Magtech .380 auto caliber ammunition     200 rounds
- 2 boxes of 50 rounds of Speer .38+P caliber ammnution            100 rounds
- 2 boxes of 25 rounds of Hornady .380 auto caliber ammunition      50 rounds
- 2 boxes of 20 rounds of Corbon .380 auto caliber ammunition       40 rounds
- 1 box of 50 rounds of Remington .25 auto caliber ammunition       50 rounds.

On November 19, 2007 at approximately 9:30 AM, LOPEZ, was advised of his Miranda rights and agreed to be interviewed without the presence of an attorney. During this interview LOPEZ admitted knowledge of the previously described ammunition in LOPEZ's luggage.

On the same day, Special Agent Gordon Geerdes spoke with Supervisory Border Patrol Agent Gonzales regarding the arrest of Lazaro LOPEZ-Gonzales. During the course of this conversation Border Patrol Agent Gonzales stated the arresting agents determined that Lazaro LOPEZ-Gonzales was illegally present in the United States and in possession of ammunition.

The preceding ammunition described above, was not manufactured in the State of California and has therefore traveled in and affected interstate and foreign commerce, based on its presence in California.

                                                  Gordon Geerdes
                                                  Special Agent
                                                  Bureau of Alcohol, Tobacco
                                                  Firearms and Explosives

Sworn to before me and subscribed in my presence, this ____ day of November, 2007.

_____
UNITED STATES MAGISTRATE